*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-BG-851

IN RE ATHANASIOS BASDEKIS, RESPONDENT

A Member of the Bar

of the District of Columbia Court of Appeals

(Bar Registration No. 463692)

On Report and Recommendation of Hearing Committee Number Nine

Approving Petition for Negotiated Discipline

(BDN D85-06)

(Decided: November 12, 2015)

Before GLICKMAN and FISHER, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: This decision is issued as non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, Hearing Committee Number Nine ("Committee") recommends approval of a petition for negotiated attorney discipline. The violations stem from respondent Athanasios Basedekis's neglect of six clients that occurred from 2002 to 2006.

Based upon respondent's recognition that he neglected client matters, he admittedly violated seven rules of the District of Columbia Rules of Professional Conduct over that period. These violations all stemmed from respondent's alcohol dependence, and therefore, the parties stipulated that respondent satisfied his burden of proof and he met the factors required to mitigate his sanction. *See In re Kersey*, 520 A.2d 321 (D.C. 1987) (holding that alcoholism is a mitigating factor to be considered in determining discipline and identifying factors the court should consider when evaluating the appropriateness of the recommended discipline in disciplinary cases involving alcoholism). Additionally, the Committee considered respondent's subsequent efforts to address his alcohol dependence and his cooperation with Bar Counsel as additional mitigating factors, which included

participation in an independent medical examination to assess his recovery from alcohol abuse and ability to practice law. The parties stipulate respondent has been substantially rehabilitated after receiving treatment for alcoholism since 2011, poses no current risk to his clients; and that he is not a recidivist risk while he continues to manage his disorders through Alcoholics Anonymous ("AA") and periodic counseling and continues to work in a well-staffed and automated work environment. As a result, Bar Counsel and respondent negotiated the imposition of discipline in the form of a four-month suspension, stayed in favor of an eighteen-month period of unsupervised probation with conditions. If Bar Counsel has probable cause to believe respondent violated any of the terms of his probation, he may seek revocation of probation. Further, if respondent changes employment and the parties cannot agree on any additional condition necessary to prevent a relapse, Bar Counsel may move to modify probation to include an appropriate additional condition. The Committee reviewed this agreement and concluded, after the limited hearing on the petition, an *in camera* review of Bar Counsel's investigative files and records, and the amendment to the petition for negotiated discipline, that the petition for negotiated discipline should be approved.

We accept the Committee's recommendation because it properly applied D.C. Bar R. XI § 12.1 (c) to arrive at this conclusion, and we find no error in the

Committee's determination. Furthermore, the Committee considered respondent's alcohol dependence, which led to his misconduct, as a mitigating circumstance pursuant to *In re Kersey*, respondent taking responsibility for his actions, and his full cooperation with Bar Counsel. The Committee also considered that, in the nine years since the time period in question, respondent has achieved success in a different practice setting, and has had no difficulties with his job and no further disciplinary complaints. Based upon the record before the court, the negotiated discipline of a four-month suspension from the practice of law suspended in favor of an unsupervised probationary period of eighteen months is not unduly lenient and is supported by discipline imposed by this court for similar actions.[1]

In accordance with our procedures in uncontested disciplinary cases, we agree this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

---

[1] *See In re Ryan*, 670 A.2d 375 (D.C. 1996) (imposing a four-month suspension with fitness for intentional neglect of five matters during a two-year period); *In re Kersey*, *supra* (staying a period of suspension in favor of probation based upon evidence of a disability or addiction that caused the misconduct and proof of rehabilitation).

ORDERED that Athanasios Basdekis is hereby suspended from the practice of law in the District of Columbia for the period of four months, execution suspended in favor of an eighteen month period of unsupervised probation subject to conditions that respondent not be subject to another opened disciplinary action, and that he continue treatment with his psychiatrist as frequently as his psychiatrist deems necessary for respondent to practice in compliance with the Rules of Professional Conduct, resume quarterly one-on-one counseling sessions with a professional counselor designated in the amendment to the petition for negotiated discipline, promptly report any change of employment to Bar Counsel to enable determination of any additional conditions, notify his employer of the terms of probation, and attend AA meetings on a regular basis during the period of probation.

*So ordered.*